FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

2006 SEP 20 PM 4:37

CLERK____
SO. DIST. OF GA.

KERRY A. MILLEDGE,            )
                              )
    Petitioner,               )
                              )
v.                            )     Case No. CV406-221
                              )
SHERIFF AL ST. LAWRENCE,      )
                              )
    Respondent.               )

## REPORT AND RECOMMENDATION

Petitioner, a state pre-trial detainee at Chatham County Detention Center, has filed a 28 U.S.C. § 2254 petition and a motion to proceed *in forma pauperis*. The motion to proceed *in forma pauperis* is GRANTED.

Petitioner alleges that he was pulled over by a Savannah police officer "for no reason and did not get a ticket." Doc. 1. He states that he was "cavity searched on a busy street by one Savannah police officer." Id. Petitioner alleges that this incident was the result of an improper search and seizure and that there was no probable cause for the arrest. Id. Because petitioner indicates in the instant petition that his "case is just getting started in Superior Court," the Court will construe the petition as

one brought pursuant to 28 U.S.C. § 2241, which provides a habeas remedy to state pretrial detainees who are held in violation of the Constitution, laws or treaties of the United States. Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003); Stacey v. Warden, Appalachee Corr. Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). Petitioner, however, has failed to satisfy the common law exhaustion requirement for § 2241 claims, and thus his petition should be dismissed.

The Untied States Supreme Court in Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484 (1973), stated that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id. at 490. While the § 2241 statute does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. Thomas

v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies." (Tjoflat, concurring); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. §2254(b), but the requirement applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1974); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); see Wilson v. Hickman, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

Petitioner has clearly failed to exhaust his state court remedies. Rather than affording the state courts a fair opportunity to resolve his federal Constitutional claims by seeking the appropriate relief at the state level, see O.C.G.A. § 9-14-1(a) (establishing the right to seek a writ of habeas corpus to inquire into the legality of pretrial restraints from freedom); Fields v. Tankersley, 487 F. Supp. 1389 (S.D. Ga. 1980) (Georgia detainee under indictment for murder must exhaust his available state

remedies before seeking federal habeas review of state court's denial of bail), petitioner has resorted directly to this Court by filing a federal habeas proceeding.  Because this court lacks the authority under § 2241 to review either the constitutionality of the search and seizure or the constitutionality of the arrest prior to the exhaustion of petitioner's state court remedies, the petition should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 20th day of September, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA